Filed 12/15/15  P. v. Davis CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B261607 |
| | (Super. Ct. No. GA087061) |
| Plaintiff and Respondent, | (Los Angeles County) |
| v. | |
| LAVADA MICHELE DAVIS, | |
| Defendant and Appellant. | |

In September 2012 Lavada Michele Davis, appellant, pleaded no contest to felony receiving stolen property (Pen. Code, § 496, subd. (a))[1] and admitted one prior "strike" conviction.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  Appellant was sentenced to prison for four years.  After the passage of Proposition 47, appellant petitioned for recall of her felony prison sentence and for resentencing to a misdemeanor pursuant to newly enacted section 1170.18.  She appeals from the denial of her petition.  We affirm because appellant failed to carry her burden of showing that she had been convicted of an offense that would have been a misdemeanor under Proposition 47.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

*Proposition 47*

"On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' . . . , which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Before the passage of Proposition 47, receiving stolen property was punishable either as a felony or a misdemeanor. Proposition 47 amended section 496, subdivision (a), to make the offense punishable only as a misdemeanor if the value of the stolen property does not exceed $950 and the defendant has not previously been convicted of "specified" felonies. (§ 1170.18 subd. (i).

Proposition 47 added section 1170.18 to the Penal Code. This section permits persons who are "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . [to] petition for a recall of sentence . . . [and] to request resentencing" under Proposition 47. (*Id*., subd. (a).) If the petitioner satisfies the criteria in subdivision (a), subdivision (b) provides that "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

*Proposition 47 Proceedings in the Trial Court*

The trial court denied the section 1170.18 petition because police reports established that the value of the stolen property received by appellant exceeded $950. The reports listed the property taken in a burglary and its estimated value. The reports also listed the stolen property recovered from appellant. When appellant pleaded no contest, her counsel stipulated "to a factual basis [for the plea] as reflected in the police report."[2] Without the police reports, there is no evidence of the value of the stolen

---

[2] "If the trial court inquires of defense counsel regarding the factual basis [for his client's guilty or no contest plea], it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement. [Citation.]" (*People v. Holmes* (2004) 32 Cal.4th 432, 436.)

property. The record on appeal does not include a preliminary hearing transcript because the no contest plea was entered before a preliminary hearing was conducted.

*Discussion*

Appellant contends that, in relying on the police reports to establish the value of the stolen property, the trial court erred for two reasons: (1) by stipulating that the police reports provide a factual basis for her plea, appellant did not admit the truth of the reports' allegations concerning the property stolen and its value; (2) "[t]he trial court was limited to appellant's record of conviction when ruling upon the petition for resentencing and the police reports fall outside the record of conviction." (See *Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521 ["In the criminal context, no case holds that police reports are part of 'the record of conviction' for purposes of proving prior serious felony convictions under Penal Code section 667, subdivision (a)"].) Appellant argues: "Only those facts within the record of conviction have been properly adjudicated. . . . For example, there was no need for appellant . . . to challenge the assertions in the police reports that appellant stole merchandise in excess of $950 because that fact was not relevant to appellant's [no contest] plea. At the time appellant pled [no contest] all that mattered was the adjudicated fact that appellant received stolen property, not the value of that property."

We need not and do not resolve these issues. Relying on *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the People argue that, "[a]s the moving party, appellant had to prove that the value of the property she received [did not exceed] $950." The People contend that appellant failed to carry her burden. We agree.

Before the passage of Proposition 47, Sherow was convicted of several counts of felony second degree burglary (§ 459) and sentenced to state prison. Two of the counts were based on his entry into a commercial establishment with the intent to steal. Proposition 47 enacted section 459.5, which provides that such an offense is "shoplifting" punishable only as a misdemeanor if the defendant entered the establishment while it was open during regular business hours and the value of the property taken or intended to be taken does not exceed $950. (*Id*., subd. (a).) The trial court denied Sherow's petition for

3

resentencing to a misdemeanor on each of the two counts. Sherow appealed, contending that "the record does not show the loss as to each count exceeded $950." (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.)

The appellate court upheld the denial of the petition because Sherow had failed to carry her burden of showing that "the property loss in each . . . count[] did not exceed $950 and thus fell within the new statutory definition of shoplifting." (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.) The court noted that "Proposition 47 does not explicitly allocate a burden of proof. (*Id*., at p. 878.) It reasoned that ordinarily " '[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' [Citations.]" (*Id*., at p. 879; see also Evid. Code, § 500 ["Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].) The court continued: "Under [section 1170.18], a petitioner is claiming the crime for which the person has been convicted would be a misdemeanor if tried after the enactment of the proposition." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) "[I]t is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based." (*Ibid*.)

The justification here for denial of the petition is stronger than it was in *Sherow*. There, the People made no showing that the value of the property taken by Sherow exceeded $950. Here, the People produced police reports which, according to the trial court, established that the value of the stolen property received by appellant exceeded $950. Appellant presented no evidence that the value of the property did not exceed $950, even though the court told her counsel that "[t]he balls in your court" to present such evidence. Counsel did not present any such evidence. Thus, the trial court did not err in denying appellant's petition because she failed to carry her burden of showing that she had been convicted of an offense that would have been a misdemeanor under Proposition 47.

*Disposition*

The order denying appellant's petition for recall of her felony prison sentence and for resentencing to a misdemeanor is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Terry Lee Smerling, Judge

Superior Court County of Los Angeles

_____

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A, Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez , Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.